IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| **Christopher N. Sharikas,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:07cv537 (CMH/TCB) |
| | ) | |
| **Loretta K. Kelly,** | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

Christopher N. Sharikas, a Virginia inmate proceeding with counsel, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his sentence. On February 28, 2008, respondent filed a Rule 5 Answer, Motion to Dismiss the Petition and Memorandum in support of that Motion. Petitioner has filed a response and respondent has filed a reply. For the reasons that follow, the petition must be dismissed.

I.

On November 12, 1997, pursuant to a guilty plea, petitioner was convicted in the Circuit Court for the County of Arlington, Virginia of carjacking, robbery, malicious wounding and possession of a concealed weapon by a convicted felon. Pet. at 2. On April 3, 1998, petitioner was sentenced to consecutive sentences of life imprisonment for the carjacking, life imprisonment for the robbery, 20 years imprisonment for the malicious wounding, five years imprisonment for the stabbing in the commission of a felony and five years imprisonment for possession of a concealed weapon by a felon. Id. Petitioner appealed his conviction to the Court of Appeals of Virginia, which dismissed the appeal on September 25, 1998 for failure to file the petition for appeal. Sharikas v. Commonwealth, R. No. 1180-98-4, slip op. (Va. Ct. App. Sept. 25, 1998). Petitioner did not file a

direct appeal of his conviction and sentence to the Supreme Court of Virginia. On September 15, 1999, petitioner filed a petition for a writ of habeas corpus in the Circuit Court for the County of Arlington, Virginia, challenging the validity of his guilty plea and the effectiveness of his trial counsel's assistance. Pet. at 3. On September 22, 2004, the circuit court dismissed the petition. Id. at 4. On February 27, 2006, after the Supreme Court issued its decision in Roper v. Simmons, 543 U.S. 551 (2005), petitioner filed a second petition for a writ of habeas corpus in the circuit court, claiming his sentence was cruel and unusual punishment prohibited by the Eighth Amendment. Id. On July 25, 2006, the Circuit Court for the County of Arlington dismissed the petition. Id.; Sharikas v. Osborne, Case No. 06-1002, slip op. (Va. Cir. Ct. July 25, 2006). The court determined that the petition was untimely, under Va. Code § 8.01-654(A)(2), and that, in any event, the Roper decision did not apply to petitioner's case because he was not convicted of capital murder. Id. Petitioner appealed to the Supreme Court of Virginia, which refused the petition for appeal on February 20, 2007. Sharikas v. Osborne, No. 062060, slip op. (Va. Feb. 20, 2007). Petitioner filed the instant petition for a writ of habeas corpus on March 31, 2007, challenging the constitutionality of his sentence under the Eighth Amendment, pursuant to the Supreme Court's decision in Roper. Respondent contends that the instant petition is untimely and that, in any event, the decision by the state courts that Roper was inapplicable to petitioner's case was not unreasonable.

## II.

Section 2244(d)(1)(A) of Title 28 of the United States Code requires that a petition for a writ of habeas corpus be dismissed if filed more than one year after: (A) the judgment of conviction becomes final; (B) any state-created impediment to filing a petition is removed; (C) the United States Supreme Court recognizes the constitutional right asserted; or (D) the factual predicate of the claim

could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In calculating the one-year period, however, the Court must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). It is petitioner's burden to demonstrate that the instant federal petition is timely filed under § 2244(d) or that such untimely petition may be salvaged the application of equitable tolling principles. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

In the instant case, petitioner's conviction became final on October 25, 1998, the date on which the time for filing a direct appeal to the Supreme Court of Virginia expired. See Va. Sup. Ct. R 5:14(a); R 5:17(a)(2). It is clear that under § 2244(d)(1)(A), the instant petition is time-barred. Petitioner had one year, or until October 25, 1999, to the file the instant federal petition unless the pendency of a properly filed application for state post-conviction or other collateral review tolled the running of the limitations period. By the time petitioner filed his first petition for a writ of habeas corpus in the Circuit Court for the County of Arlington on September 15, 1999, 325 days of the one-year limitations period had elapsed. Petitioner's first state habeas petition remained pending until September 22, 2004. At that point, petitioner had 40 days, or until November 1, 2004, to file the instant petition. Petitioner did not do so, however, until, May 31, 2007, well over three years after the expiration of the one-year period.[1] Accordingly, the instant petition is untimely under §

---

[1] Even if the Court were to assume that petitioner's second state habeas application was "properly filed" within the meaning of § 2244(d)(2), this second petition was not filed until February 27, 2006, well after the 40 days remaining in the one-year limitations period had elapsed. As such, the pendency of that petition would not have tolled the running of the limitations period.

2244(d)(1)(A).

Section 2244(d)(1)(B) is inapplicable to the instant petition. With respect to section 2244(d)(1)(C), petitioner's claim is based on the Supreme Court's decision in <u>Roper v. Simmons</u>, 543 U.S. 551 (2005). Petitioner argues that under § 2244(d)(1)(C), the limitations period relevant to the instant federal petition did not commence until March 1, 2005, the date on which the Supreme Court issued the <u>Roper</u> decision. Section 2244(d)(1)(C) delays the start of the limitations period, however, only for newly recognized constitutional rights that are retroactively applicable. In <u>Roper</u>, the Supreme Court held that the imposition of the death penalty upon individuals under 18 years of age at the time of their capital offense violates the Eighth Amendment's ban against cruel and unusual punishments. <u>Roper</u>, 543 U.S. at 568. Although <u>Roper</u> recognized a new constitutional right for juveniles sentenced to <u>death</u> prior to its issuance and that the ruling is retroactive on collateral review, by its very terms, <u>Roper</u> applies where an individual under the age of 18 is sentenced to <u>death</u>. In this case, petitioner was under 18 years of age at the time of his offenses, but was sentenced to terms of life imprisonment, not death. Accordingly, even if <u>Roper</u> were retroactively applicable, it did not announce a new constitutional right which is applicable to petitioner's case. See e.g., <u>Pineda v. Leblanc</u>, No. 07-3598, 2008 WL 294685, at *3-4 (E.D.La. Jan. 31, 2008) (concluding that <u>Roper</u> did not restart the § 2244(d) time period for a juvenile sentenced to life imprisonment); <u>Schane v. Cain</u>, No. 07-1068, 2007 WL 4967081, at * 3 (W.D.La. Oct. 24, 2007) (same); <u>Douma v. Workman</u>, No. 06-462, 2007 WL 2331883, at * 3 (N.D. Okla. Aug. 13, 2007) (same); <u>Culpepper v. McDonough</u>, No. 8:07cv672, 2007 WL 2050970, at * 3 (July 13, 2007) (same); <u>Smith v. Howes</u>, No. 06-10905, 2007 WL 522697, at * 2 (E.D. Mich. Feb. 14, 2007) (same). As a result, the Court finds that petitioner is not entitled under § 2244(d)(1)(C) to have the

limitations clock reset to March 1, 2005, the date of the <u>Roper</u> decision.[2]  Additionally, petitioner does not suggest that the limitations period should be governed by §2244(d)(1)(D) and nothing in his pleadings implies the presence of a recent discovery of the <u>factual</u> predicate of his claim. Finally, petitioner has presented no argument in support of equitable tolling of the limitations period. As such, the Court concludes that the instant petition is untimely and must be dismissed.

### III.

Moreover, even if the instant petition were timely filed, it would be denied by this Court as petitioner's claim is without merit.  In this case, the state courts rejected petitioner's Eighth Amendment challenge to his sentence. When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." <u>Williams</u>, 529 U.S. at 413.  Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies

---

[2] In light of this finding, it is unnecessary for the Court to address petitioner's argument that the instant petition was timely filed under § 2244(d)(1)(C).

5

that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

In this case, the state habeas court dismissed petitioner's second habeas petition, determining that Roper was inapplicable to petitioner's case as it was not a capital murder case. Sharikas, No. 06-1002, slip op. at 2. The reasoning of the state habeas court is imputed to the Supreme Court of Virginia, which refused the petition for appeal. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). As noted, in Roper, the Supreme Court held that conduct occurring before a defendant turned 18 could not justify the imposition of capital punishment. 543 U.S. at 569, 578-79 ("[T]he death penalty is reserved for a narrow category of crimes and offenders."). The state habeas court found, however, that Roper was not applicable to petitioner's case. This Court concludes that the state habeas courts' rejection of petitioner's Eighth Amendment claim was neither contrary to, nor an unreasonable application of, clearly established federal law because, although the execution of a juvenile is impermissible under the Eighth Amendment, sentencing a juvenile to a term of life imprisonment is not. See United States v. Feemster, 483 F.3d 583, 587-88 (8th Cir. 2007) (quoting Roper, 543 U.S. at 560, 578-79) (upholding the imposition of a life sentence without the possibility of parole for a conviction based on juvenile conduct). As Roper applies strictly to the imposition of the death penalty against a minor as cruel and unusual punishment in violation of the Eighth Amendment, petitioner's claim is without merit.

Petitioner also points this Court's attention to the Roper Court's analysis concerning the moral culpability of juvenile offenders. Relying on social science data, the Roper Court concluded that differences between adults and adolescents "demonstrate that juvenile offenders cannot with reliability be classified among the worst offenders." 543 U.S. at 569. Specifically, the Court focused on three factors, namely: (1) that adolescents are more immature and more impulsive than adults; (2) that adolescents have limited control over their environments and are more susceptible to peer pressure than adults; and (3) that adolescent personalities are not fully formed. Id. at 569-70. What petitioner fails to appreciate, however, is that the Roper Court considered these factors within a limited scope relating to the imposition of a death sentence against a minor. The Roper analysis is distinguishable from the instant case because, in the words of the Roper Court, "the death penalty is the most severe punishment, [and] the Eighth Amendment applies to it with special force." Id. at 568.

Finally, to the extent that petitioner is suggesting that the Court should apply the Roper Court's determination that evolving standards of decency required the prohibition of the death penalty for minors to the instant case, this Court is unpersuaded. Again, as noted, the Roper Court's analysis concerning evolving standards of decency was performed with respect to the imposition of the death penalty, the most severe punishment possible, against minors. Given the narrow scope and application of the Supreme Court's holding, this Court is not compelled to formulate its own interpretation of evolving standards of decency in relation to the instant petition, and, in any event, petitioner has not presented persuasive grounds for doing so. As such, the Court concludes that even if the instant petition had been timely filed, petitioner is not entitled to the relief he seeks. Therefore, respondent's Motion to Dismiss the petition must be granted.

## IV.

For the foregoing reasons, respondent's Motion to Dismiss the petition must be granted and the instant petition will be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this 7th day of April 2008.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia